**Affirm as Modified and Opinion Filed October 3, 2024**



**In The**
**Court of Appeals**
**Fifth District of Texas at Dallas**

**No. 05-23-00551-CR**

**No. 05-23-00552-CR**

**No. 05-23-00553-CR**

**BRANDON WILSON, Appellant**
**V.**
**THE STATE OF TEXAS, Appellee**

**On Appeal from the 195th Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause Nos. F21-58250-N, F21-58253-N, F21-58254-N**

## MEMORANDUM OPINION

Before Chief Justice Burns, Justice Reichek, and Justice Nowell
Opinion by Justice Nowell

Brandon Wilson was charged with three counts of aggravated robbery. The cases were tried together, and a jury convicted appellant in each case. In three issues on appeal, appellant requests we modify the judgments and also argues the trial court violated his common right of allocution. The State agrees the judgments should be modified and asserts appellant failed to preserve his allocution complaint. We modify the trial court's judgments and affirm as modified.

MODIFICATIONS TO JUDGMENTS

This Court has the power to modify a judgment to speak the truth when we have the necessary information to do so. *Shuler v. State*, 650 S.W.3d 683, 691 (Tex. App.—Dallas 2022, no pet.); TEX. R. APP. P. 43.2(b).

Appellant was convicted of three offenses in a single criminal action. The trial court assessed $286.00 in court costs in each case. In his first issue, appellant requests we modify two judgments because the convictions arose from a single criminal action against him and assessing costs in all three cases violates the code of criminal procedure. The State agrees.

"In a single criminal action in which a defendant is convicted of two or more offenses or of multiple counts of the same offense, the court may assess each court cost or fee only once against the defendant." TEX. CODE CRIM. PROC. art. 102.073(a). For purposes of this rule, a person convicted of two or more offenses in the same trial or plea proceeding is convicted of those offenses in a "single criminal action." *Shuler*, 650 S.W.3d at 690. When, as here, the convictions are for the same category of offense and the costs are the same, the costs should be assessed in the case with the lowest trial court cause number. *Id.*

Because all offenses at issue are first-degree felonies, the court costs should only be assessed in the case with the lowest trial court number. Accordingly, we delete the court costs from the judgments in trial court cause numbers F21-58253-N

(appellate cause number 05-23-00552-CR) and F21-58254-N (appellate cause number 05-23-00553-CR). We sustain appellant's first issue.

In his second issue, appellant requests we modify the judgments to show he never entered into a plea bargain agreement with the State. The State agrees.

Each judgment includes the heading "Terms of Plea Bargain (if any)." Under each heading, information about appellant's sentences was provided. However, the record shows appellant did not enter into any plea bargain with the State. Accordingly, we strike the information under the heading "Terms of Plea Bargain (if any)" in each judgment and replace with the term "N/A." We sustain appellant's second issue.

ALLOCUTION

In his third issue, appellant argues the trial court violated his common law right to allocution in cause number F21-58250-N (appellate cause number 05-23-00551-CR), and he requests a new punishment hearing. Appellant concedes the trial court complied with Texas Code of Criminal Procedure article 42.07, but he claims the trial judge did not inquire whether he wished to exercise his common law right to allocution.

The term "allocution" refers to a criminal defendant's opportunity to present his personal plea to the court in mitigation of punishment before sentence is imposed. *Hunter v. State*, 691 S.W.3d 247, 253 (Tex. App.—Dallas 2024, no pet.). The statutory right to allocution requires the defendant be asked, before sentence is

–3–

pronounced, "whether he has anything to say why the sentence should not be pronounced against him." TEX. CODE CRIM. PROC. art. 42.07; *see also Hunter*, 691 S.W.3d at 253. To complain on appeal of the denial of the right of allocution—regardless of whether it is statutory or one claimed under the common law[1]—a defendant must timely object. *Id.* "This Court has repeatedly held that a defendant who fails to timely object to the denial of her right of allocution does not preserve the complaint for appeal." *Id*.

Before pronouncing appellant's sentence, the trial judge asked whether there was any reason why the sentence should not be imposed, and defense counsel answered, "No, Your Honor." Appellant made no objection that he was denied his right of allocution. Accordingly, we conclude appellant failed to preserve his third issue for appellate review. *Id.* (citing TEX. R. APP. P. 33.1).

---

[1] We express no opinion about whether a common law right of allocution exists in Texas. *Hunter*, 691 S.W.3d at 253, n.2.

CONCLUSION

We modify the trial court's judgments as described herein. As modified, we affirm the trial court's judgments.

/Erin A. Nowell//
ERIN A. NOWELL
JUSTICE

230551f.u05
230552f.u05
230553f.u05
Do Not Publish
TEX. R. APP. P. 47.2(b)



## Court of Appeals
## Fifth District of Texas at Dallas

## JUDGMENT

BRANDON WILSON, Appellant

No. 05-23-00551-CR  V.

THE STATE OF TEXAS, Appellee

On Appeal from the 195th Judicial District Court, Dallas County, Texas Trial Court Cause No. F21-58250-N. Opinion delivered by Justice Nowell. Chief Justice Burns and Justice Reichek participating.

Based on the Court's opinion of this date, the judgment of the trial court is **MODIFIED** as follows:

Under the heading "Terms of Plea Bargain (if any)," we **STRIKE** the words "10 Years TDC" and add the term "N/A."

As **REFORMED**, the judgment is **AFFIRMED**.

Judgment entered this 3rd day of October, 2024.



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

BRANDON WILSON, Appellant

No. 05-23-00552-CR     V.

THE STATE OF TEXAS, Appellee

On Appeal from the 195th Judicial District Court, Dallas County, Texas Trial Court Cause No. F21-58253-N. Opinion delivered by Justice Nowell. Chief Justice Burns and Justice Reichek participating.

Based on the Court's opinion of this date, the judgment of the trial court is **MODIFIED** as follows:

Under the heading "Court Costs," we **STRIKE** the term $286.00.

Under the heading "Terms of Plea Bargain (if any)," we **STRIKE** the words "5 Years TDC" and add the term "N/A."

As **REFORMED**, the judgment is **AFFIRMED**.

Judgment entered this 3rd day of October, 2024.



# Court of Appeals
## Fifth District of Texas at Dallas

## JUDGMENT

BRANDON WILSON, Appellant

No. 05-23-00553-CR        V.

THE STATE OF TEXAS, Appellee

On Appeal from the 195th Judicial District Court, Dallas County, Texas Trial Court Cause No. F21-58254-N. Opinion delivered by Justice Nowell. Chief Justice Burns and Justice Reichek participating.

Based on the Court's opinion of this date, the judgment of the trial court is **MODIFIED** as follows:

Under the heading "Court Costs," we **STRIKE** the term $286.00.

Under the heading "Terms of Plea Bargain (if any)," we **STRIKE** the words "5 Years TDC" and add the term "N/A."

As **REFORMED**, the judgment is **AFFIRMED**.

Judgment entered this 3rd day of October, 2024.